**WO**  BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Ray Allen, | No. CV 05-1566-PHX-JAT (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate confined in the Florence West Unit of the Arizona State Prison Complex in Florence, Arizona. The Court will dismiss the action with leave to amend.

**A.   Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $48.84 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court. Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of

**JDDL-K**

his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.     Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

**C.     Complaint.**

Plaintiff names as a Defendant Joseph M. Arpaio, Durango Jail Commander. Plaintiff alleges the following causes of action: (1) his right to mail was violated because on 3 separate occasions it has taken 11 days to get his mail, (2) he has not received the proper medical treatment for his back, although he has been seen on numerous occasions by a doctor, and (3) during transportation, he was endangered because "they" push and shove him, he is shackled and handcuffed to fellow inmates, he is not provided a seatbelt, and the driver

1  operates the vehicle in a reckless and erratic manner. Plaintiff is seeking monetary and other
2  relief.

3  For a person to liable in his official capacity, Plaintiff must allege that he acted as a
4  result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186,
5  1188 (9th Cir. 2001). Moreover, a supervisor, in his individual capacity, "is only liable for
6  constitutional violations of his subordinates if the supervisor participated in or directed the
7  violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880
8  F.2d 1040, 1045 (9th Cir. 1989). "A plaintiff must allege facts, not simply conclusions, that
9  show that an individual was personally involved in the deprivation of his civil rights."
10 Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

11 Plaintiff asserts that Defendant Arpaio established the daily operating procedures,
12 policies, and standards of care. However, he did not attempt to demonstrate how those
13 policies and procedures resulted in a violation of his constitutional rights. Moreover,
14 Plaintiff did not attempt to demonstrate that Defendant Arpaio was directly involved in or
15 aware of the actions which Plaintiff alleges violated his constitutional rights. Accordingly,
16 Plaintiff fails to sufficiently set forth a claim against Defendant Arpaio in his official or
17 individual capacity.

18 **D.    Leave to Amend.**

19 For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
20 a claim upon which relief may be granted. Plaintiff may amend his Complaint to cure the
21 deficiencies outlined above. The Clerk of Court will be directed to provide Plaintiff with a
22 Court-approved form for filing a civil rights complaint. Plaintiff is advised that the amended
23 complaint must be retyped or rewritten in its entirety on the court-approved form and may
24 not incorporate any part of the original Complaint by reference. Any amended complaint
25 submitted by Plaintiff should be clearly designated as such on the face of the document.

26 An amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
27 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
28 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent.

1 Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an original complaint which are
2 not alleged in an amended complaint are waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.
3 1987).

4 **E.     Address Changes.**

5 In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he
6 must file a notice of change of address if his address changes.  Plaintiff is again reminded
7 that at all times during the pendency of this action, Plaintiff shall immediately advise the
8 Court of any change of address and its effective date.  Such notice shall be captioned
9 "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of
10 Change of Address on all opposing parties.  The notice shall contain only information
11 pertaining to the change of address and its effective date, and shall not include a motion for
12 other relief.  Failure to timely file a notice of change of address may result in the dismissal
13 of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil
14 Procedure.

15 **F.     Warning of Possible Dismissal.**

16 Plaintiff should take note that if he fails to timely comply with every provision of this
17 Order, this action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-
18 61(district court may dismiss action for failure to comply with any order of the Court).
19 Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff
20 fails to file an amended complaint correcting the deficiencies identified in this Order, the
21 dismissal of this action will count as a "strike" under the "three strikes" provision of the
22 Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

23 **IT IS THEREFORE ORDERED that:**

24 (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28
25 U.S.C. § 1915(a)(1).

26 (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
27 Plaintiff is assessed an initial partial filing fee of $48.84.  All fees shall be collected and paid

28

JDDL-K

- 4 -

1 in accordance with this Court's Order to the appropriate government agency filed 2 concurrently herewith.

3     (3) The Complaint is **dismissed** for failure to state a claim. Plaintiff shall have **30** 4 **days** from the date this Order is filed to file an Amended Complaint in compliance with this 5 Order.

6     (4) The Clerk of Court shall enter a judgment of dismissal of this action with 7 prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint 8 within thirty (30) days of the date this Order is filed. Upon entry of judgment, the Clerk shall 9 make an entry on the docket in this matter indicating that the dismissal of this action falls 10 within the purview of 28 U.S.C. § 1915(g).

11     (5) Aside from the two copies of the petition or amended petition that must be 12 submitted pursuant to LRCiv 3.5(a), a clear, legible copy of every pleading or other 13 document filed shall accompany each original pleading or other document filed with the 14 Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See 15 LRCiv 5.4. Failure to comply with this requirement may result in the pleading or document 16 being stricken without further notice to Plaintiff.

17     (6) The Clerk of Court is directed to provide to Plaintiff a current court-approved 18 form for filing a civil rights complaint by a prisoner.

19     DATED this 5th day of October, 2005.

_____
James A. Teilborg
United States District Judge